Sherpa v. Garland

BIA
Navarro, IJ
A208 008 500

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-three.

PRESENT:
> **GUIDO CALABRESI,**
> **RAYMOND J. LOHIER, JR.,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

_____

**DAWA DOLMA SHERPA,**
> *Petitioner,*

> v.                                                                 **21-6068**
>                                                                       **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**              Stuart Altman, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dawa Dolma Sherpa, a native and citizen of Nepal, seeks review of a January 25, 2021 decision of the BIA affirming a November 1, 2018 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dawa Dolma Sherpa,* No. A208 008 500 (B.I.A. Jan. 25, 2021), *aff'g* No. A208 008 500 (Immig. Ct. N.Y. City Nov. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir. 2009). The applicable standards of review are well established. *See* 8 U.S.C.

§ 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing an adverse credibility determination "under the substantial evidence standard").

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Sherpa was not credible as to her claim that Maoists attacked her on account of her political support for the Nepali Congress Party.

The agency reasonably relied on the following record inconsistencies:

3

(1) Sherpa repeatedly testified that Maoists had not harmed her family members, but changed that testimony when confronted with her husband's letters stating that he and her father had been attacked; and (2) she repeatedly testified that she had never lived anywhere in Nepal other than her parents' house, but changed her testimony when confronted with her inconsistent application stating that she had lived elsewhere. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The IJ was not compelled to credit Sherpa's explanation that she was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *cf. Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009) (noting that an applicant's assertion that she was nervous or afraid did not overcome a record of a sworn statement from a credible fear interview deemed sufficiently reliable for purposes of a credibility determination).

Having questioned Sherpa's credibility, the agency reasonably relied

4

further on her failure to rehabilitate her testimony with sufficient corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Aside from her husband's unsworn letters, which conflicted with her testimony, Sherpa submitted evidence that she and her husband were members of the Nepali Congress Party and that both received medical treatment, but she did not submit statements from her father, who was also purportedly attacked, or a neighbor who purportedly forwarded her a threat from the Maoists.

The adverse credibility determination is supported by substantial evidence given Sherpa's repeated and inconsistent statements regarding whom the Maoists harmed and where she lived in Nepal, as well as her failure to provide sufficient evidence to rehabilitate her testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165–66; *see also Likai Gao*, 968 F.3d at 145 n.8. Contrary to Sherpa's contention, the adverse credibility determination is dispositive of all relief, including CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006) ("[W]e have held that a petition for CAT relief may fail because of an adverse credibility

5

ruling rendered in the asylum context where the factual basis for the alien's CAT claim was the same as that rejected in his asylum petition.").

Sherpa's unexhausted argument that the IJ should have held a competency hearing is not properly before us. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22 (2d Cir. 2007) (discussing requirement that petitioners exhaust issues before the BIA); *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA."). In any event, we note that the IJ and attorneys confirmed that Sherpa understood the interpreter and questions posed and that she was not suffering from any health conditions or taking any medication. *See Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (B.I.A. 2011) (discussing questions an IJ may pose to evaluate competency).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court